BOARD OF COMMISSIONERS OF RARITAN, BY SEBASTIAN CONTI, TREASURER OF THE BOARD OF COMMISSIONERS OF RARITAN, RELATOR, v. THE TOWNSHIP OF BRIDGEWATER, AND MORROW C. MILLER, CHAIRMAN OF THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF BRIDGEWATER, FLORENCE Y. STRYKER, CLERK OF THE TOWNSHIP OF BRIDGEWATER, AND BARNEY RUGGIERI, TREASURER OF THE TOWNSHIP OF BRIDGEWATER, IN THE COUNTY OF SOMERSET AND STATE OF NEW JERSEY, DEFENDANTS.

Submitted January 20, 1948—Decided June 1, 1948.

Before Justices Donges, Colie and Eastwood.

For the relator, *George W. Allgair* (*Joseph Halpern,* of counsel).

For the defendants, *Frazer, Stoffer & Jacobs* (*Nathan L. Jacobs,* of counsel).

The opinion of the court was delivered by

COLIE, J.  This is the return of a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue commanding the defendants "to pay over forthwith the sum of Nine Thousand ($9,000.00) Dollars appropriated in the 1947 budget of the Township of Bridgewater for Town of Raritan roads, unto Sebastian Conti, Treasurer of the said Board of Commissioners of Raritan."

The peculiar interrelations between the Town of Raritan and the Township of Bridgewater need not be explored at length since they have been discussed by the Supreme Court. *Cf. Crisci* v. *Board of Commissioners of Raritan,* 119 *N. J. L.* 103.  For the purpose of this opinion we borrow from the relator's brief, as follows:

"The only inter-relation between Relator and Defendant which has been carried down from 1868 through 1947 is that the Relator never appointed or elected a tax assessor and tax collector, and the defendant has since 1868 been assessing and collecting taxes within the Town of Raritan.  The method used through all the years consisted of the Relator passing annual ordinances, setting forth anticipated revenues and expenditures of the town, and determining the amount of money to be raised by local taxation.  This amount was then certified by Relator to the Defendant, who then assesses and collects the taxes necessary, and turns over the money so collected to the Treasurer of Raritan and by him expended in accordance with the budgetary provisions.  Defendant likewise collects the State and County taxes and pays over to Relator a proportion of the road tax.

"In addition to assessing and collecting the taxes for Raritan as certified to it by the Town of Raritan, the Defendant also regards the taxable property of Raritan as being part of the taxable property of Bridgewater, and assesses and collects from the inhabitants of Raritan, taxes in accordance with the local Bridgewater Township rate.

"For many years, the Relator anticipated in its annual budget a revenue designated 'road tax' from the Defendant and, likewise, the Defendant has been appropriating in its budget an item—'Town of Raritan—Roads.'  Each year be-

ginning with the year 1931 and continuing through the year 1946, the Defendant has paid over to the Relator as its proportion of the road tax the sum of $9,000. In the year 1947 there was again anticipated $9,000 in the Relator's budget as due from the Defendant for roads, and in the 1947 budget of the Defendant there was appropriated an item 'Town of Raritan—Roads, $9,000.00.' "

An additional fact to be considered is that in 1946 Raritan received $13,450.30 from second class railroad taxes which it retained in its treasury contrary to a practice of some ten years' standing of turning such second class railroad taxes over to Bridgewater to be apportioned between the two municipalities.

The relator states that "the defendants' obligation * * * is predicated upon their contractual relationship, as evidenced by their respective budgets, and course of dealings for many years * * *." In our opinion, Raritan's claim grounded as it is on an asserted contract evidenced by annual budget appropriations over a course of years is a far cry from being either clear or certain. *Uszkay* v. *Dill*, 92 *N. J. L.* 327.

Furthermore, Bridgewater should be afforded an opportunity to set off its claim against Raritan with reference to the second class railroad taxes.

*Mandamus* is not the appropriate proceeding in which to do so. Where there is a doubtful case, the writ will not be issued. *O'Hara* v. *Fagan*, 56 *N. J. L.* 279.

The rule to show cause is discharged, with costs.